UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE KAYIRA, f/k/a DENISE CAMPBELL, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:08-CV-1184 (CEJ) |
| HILCO RECEIVABLES, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendant Hilco Receivables to stay its response to plaintiff's motion for partial summary judgment. Plaintiff opposes the motion.

On July 2, 2009, plaintiff filed a motion for partial summary judgment against defendant Hilco Receivables. Pursuant to the Case Management Order, defendant's response in opposition to the motion was due within thirty days of the filing. Defendant requests that the Court stay its obligation to file any response until after the upcoming mediation session scheduled for September 1, 2009. Plaintiff opposes any delay in the briefing of her motion.

The Court believes that staying the briefing of the motion would be beneficial both to the parties and to the Court. Should the mediation session successfully dispose of this case, the parties can avoid additional attorney fees involved in briefing the issues in the pending motion. Indeed, given that the parties have been close to a settlement on numerous occasions, it is highly possible that any expenses incurred in drafting a response to the motion would be unnecessary. Further, in the event that the mediation session is unsuccessful, the parties can continue briefing the motion without causing any delay in this case or prejudice to any party. The trial in this

matter is set for March 29, 2010, leaving plenty of time for the parties to continue briefing this motion without interfering with trial preparations.

Plaintiff contends that a ruling on her motion for partial summary judgment could aid in the settlement negotiations. However, at this point in time, the motion would not even be ready for the Court's review until mid to late August, running dangerously close to the September 1, 2009 mediation date. Further, even if the Court were to grant plaintiff's motion before the mediation date, it would not dispose of the entire case. Thus, mediation would still be required for plaintiff's remaining claims.

For all of these reasons, the Court will stay the parties' obligations to file briefs relating to plaintiff's motion for partial summary judgment until after the mediation session is held. Upon receiving notification as the results of such conference, the Court will, if necessary, set new deadlines for the briefing of plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that the motion [#53] of defendant Hilco Receivables to stay briefing on plaintiff's motion for partial summary judgment is **granted**.

**IT IS FURTHER ORDERED** that defendant's obligation to respond to plaintiff's motion for partial summary judgment is **stayed** pending completion of the September 1, 2009 mediation conference.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2009.